UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCARBROUGH,<br><br>Plaintiff,<br><br>v.<br><br>VIDALES, *et al.*,[1]<br><br>Defendants. | Case No. 2:25-cv-1214-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel, alleges that police officers Vidales and Voudry, Judge Marianne Gilard, and attorney Lorenda Delaney have violated his constitutional rights. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

---

[1] Plaintiff has filed a notice indicating that the proper spelling of defendant Viladez's name is Vidales. ECF No. 6. The Clerk of Court is directed to update the spelling on defendant Vidales name on the docket.

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendant police officers Vidales and Voudry falsely arrested him. ECF No. 1 at 3. After his arrest, he was convicted and incarcerated, which resulted in him being removed from his company. *Id.* Plaintiff alleges that after he served his one-year sentence, defendant Judge Gilard unlawfully sent him to prison for a term of sixteen months. *Id.* Plaintiff claims that his attorney, defendant Delaney, allowed this false detention to occur without intervention. *Id.* The injury plaintiff complains of is loss of control of his corporation, company, and non-profit. *Id.* Plaintiff also alleges that since he has been incarcerated, he was hit in the eye

1  and needed to be sent to a mental hospital to help with the emotional distress from his eye injury
2  and the loss of his businesses. *Id.* at 5.

3  To the extent plaintiff seeks to challenge decisions rendered in state proceedings that have
4  concluded, his claims are barred under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals*
5  *v. Feldman*, 460 U.S. 462, 486 (1983) ("[District courts] do not have jurisdiction . . . over
6  challenges to state court decisions in particular cases arising out of judicial proceedings even if
7  those challenges allege that the state court's action was unconstitutional.").

8  As far as plaintiff's allegations that defendants violated his constitutional rights in
9  connection with his confinement, his claim sounds in habeas corpus. *See Badea v. Cox*, 931 F.2d
10 573, 574 (9th Cir. 1991) (holding that a habeas corpus petition is the proper vehicle for
11 challenging the "legality or duration" of confinement). In any event, no claim for civil damages
12 is cognizable unless and until plaintiff's criminal conviction is invalidated. *See Heck v.*
13 *Humphrey*, 512 U.S. 477, 487 (1994).

14 Moreover, defendants Gilard and Delaney are entitled to immunity. *See Gregory v.*
15 *Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are immune from
16 suit for judicial acts within and even in excess of their jurisdiction even if those acts were done
17 maliciously or corruptly; the only exception to this sweeping cloak of immunity exists for acts
18 done in 'the clear absence of all jurisdiction.'"); *see Polk Cnty. v. Dodson*, 454 U.S. 312, 325
19 (1982) (public defenders do not act under color of law for purposes of § 1983 liability); *Briley v.*
20 *California*, 564 F.2d 849, 855 (9th Cir. 1977) (privately retained attorneys do not act under color
21 of law for purposes of § 1983 liability).

22 Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
23 plaintiff a final chance to amend his complaint before recommending that this action be
24 dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If
25 plaintiff decides to file an amended complaint, the amended complaint will supersede the current
26 one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means
27 that the amended complaint will need to be complete on its face without reference to the prior
28 pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no

longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 5, is GRANTED and his second application, ECF No. 7, is DENIED as moot.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   June 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE