UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCARBROUGH, | Case No. 2:25-cv-1214-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| VILADES, *et al.*,[1] | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, alleges that the Sacramento Police Department and police officers Vilades and Voudry violated his constitutional rights. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

---

[1] Plaintiff has filed a notice indicating that the proper spelling of defendant Viladez's name is Vidales. ECF No. 6. The Clerk of Court is directed to update the spelling of defendant Vidales' name on the docket.

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20  **Analysis**

21      Plaintiff repeats his allegations that defendant police officers Vidales and Voudry falsely
22  arrested him. ECF No. 9 at 3. He claims that on August 6, 2022, Vidales issued a false arrest
23  warrant for a bogus domestic violence allegation by Tia Smith.[2] The state court judge dismissed
24  the charge against plaintiff, but a short while later, the same officers falsely arrested plaintiff for
25  being in possession of a stolen car. *Id.* Plaintiff alleges that the officers labeled the vehicle as
26  stolen as pretext for arresting plaintiff for being with Smith. *Id.* After arresting plaintiff, the

27
28      [2] Plaintiff identifies Smith both as his fiancée and as being in a relationship with Vidales. ECF No. 7 at 6.

2

officers gave Smith plaintiff's backpack, which contained evidence pertaining to his company. *Id.* at 4. Plaintiff also alleges that defendant Sacramento Police Department should be liable for the officers' actions of falsely detaining him multiple times. *Id.* at 6.

It is unclear whether plaintiff is incarcerated pretrial or post-trial. In either event, his claims are barred. If plaintiff suffered a conviction for possession of stolen property, then, to the extent that plaintiff seeks to challenge his criminal conviction, *Heck*[3] bars his claims. *See Agner v. City of Hermosa Beach*, 315 F. App'x 29, 29 (9th Cir. 2008) ("[The plaintiff's] federal claim under 42 U.S.C. § 1983 is *Heck*-barred because on the facts in this case, pursuing a claim for false arrest would necessarily impugn the unfavorable disposition of the prior criminal proceedings against him.").

If, on the other hand, plaintiff is detained awaiting criminal proceedings, then this court must abstain from intervening. Under *Younger v. Harris*, federal courts should abstain from staying or enjoining state criminal prosecutions where: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." 401 U.S. 37, 45 (1971); *see also Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021).

As for defendant Sacramento Police Department, plaintiff's claim fails. A municipality can be sued under § 1983 where the challenged action was implemented or executed under a policy statement, ordinance, regulation, or decision that has been adopted or promulgated by that body's officers. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The first question in this analysis is whether a constitutional violation occurred. *See Lockett v. Cnty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020) (noting that *Monell* claims are "contingent on a violation of constitutional rights") (internal quotation marks omitted). Then, a court looks to the legal framework on which plaintiff bases his *Monell* claim. *Monell*, 436 U.S. at 708. Importantly, "[p]laintiff must do more than allege in a conclusory fashion that the County maintains an

---

[3] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

3

unwritten policy or custom of permitting the types of wrongs Plaintiff experienced." *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 936 (S.D. Cal. 2022). Plaintiff fails to state a sufficient *Monell* claim against the Police Department because plaintiff has not alleged a constitutional violation.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a final chance to amend his complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 9, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   September 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5